**NOT FOR PUBLICATION**                                                              **CLOSE**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

STATE FARM GUARANTY INSURANCE
COMPANY, as subrogee of KEISHA
DRAKE,                                            :
                          Plaintiff,              :    **MEMORANDUM OPINION**
                                                  :    **AND ORDER**
                                                  :
              v.                                  :    Civ. No. 13-4934 (WHW)
                                                  :
JOSE L. ROJAS, UNITED STATES                      :
POSTAL SERVICE, JOHN DOES (1-10)                  :
FICTITIOUS NAMES, and ABC                         :
COMPANIES (1-10) FICTITIOUS NAMES,                :
                          Defendants.             :
                                                  :

### Walls, Senior District Judge

Plaintiff filed the instant complaint on August 15, 2013, alleging that Defendant Jose

Rojas ("Rojas") drove a postal truck into the open door of Plaintiff's parked car. ECF No. 1.

Rojas was an employee of Defendant United States Postal Service at the time. Compl. at ¶ 4.

Plaintiff requested default against all Defendants on May 22, 2014, and the Clerk of Court

entered default the same day. ECF Nos. 8-9. The United States attorney for this district was

never served with a copy of the summons and complaint. Decl. of Pamela Perron, ECF No. 10-2

at ¶¶ 1-3. Defendants now move to set aside the Clerk's entry of default, and to dismiss the

complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and insufficient

service of process under Fed. R. Civ. P. 4(i), 4(m) and 12(b)(2). ECF No. 10. Defendants'

unopposed motion, decided without oral argument under Fed. R. Civ. P. 78, is granted.

The Federal Tort Claims Act (FTCA) does not permit suits against federal agencies in

their own names, or against federal employees acting within the scope of their employment; the

only proper defendant is the United States. 28 U.S.C. 2679; *see also, e.g., Kieffer v. Vilk*, 8 F.

Supp. 2d 387, 393-94 (D.N.J. 1998) (citing *Schrob v. Catterson,* 967 F.2d 929, 934 (3d Cir.

1992)). Plaintiff did not name the United States as a defendant, and the FTCA does not grant the

Court jurisdiction over any of the named Defendants. As Plaintiff pleads no other basis for

jurisdiction besides the FTCA,[1] the complaint must be dismissed for lack of subject matter

jurisdiction.

A court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). "A default

judgment cannot be entered on a complaint that has not been validly served." *Smith v. Rebstock,*

477 F. App'x 884, 885 (3d Cir. 2012), *cert. denied,* 133 S. Ct. 2358 (2013). In order to serve the

United States, its agencies or employees, a party must deliver a copy of the summons and

complaint to the United States attorney for the district where the action is brought. Fed. R. Civ.

P. 4(i). Because Plaintiff did not properly serve the United States in this action, the Clerk's entry

of default must be vacated.

It is therefore on this 15th day of October, 2014,

ORDERED that the Clerk's entry of default against the United States in the above-

captioned matter is set aside; and it is further

ORDERED that the complaint is dismissed.

_____
United States Senior District Judge

---

[1] Plaintiff alleges that "this Court has original jurisdiction by way of 28 U.S.C. § 1348, in that the
United States Government is a defendant." Compl. at ¶ 7. In fact, 28 U.S.C. § 1348 invests
district courts with original jurisdiction over a civil action by the United States against any
national banking association. Because of the subject matter of the complaint, the Court interprets
it as citing 28 U.S.C. § 1346, the Federal Tort Claims Act. *See Boarhead Corp. v. Erickson,* 923
F. 2d 1011, 1018 (3d Cir. 1991) (citing Wright & Miller, 5 Fed. Prac. & Proc. Civ. at § 1210)
("[a] reference to the wrong statute or an erroneous basis of jurisdiction will be corrected by the
court if it can determine the appropriate statute or jurisdictional source from the complaint.").